**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Larry R. Propotnik,

      Petitioner,

v.

Minn. Dept. of Corrections; Tom Roy, Commissioner, MCF-RC; and Warden Steve Hammer;

      Respondents.

Civ. No. 14-3799 (PJS/JJK)

**REPORT AND RECOMMENDATION**

---

Larry R. Propotnik, 104328, MN Correctional Facility, MCF – RC 7600 525th Street, Rush City, MN 55069, Petitioner, *pro se*.

Matthew Frank, Esq., and James B. Early, Esq., Minnesota Attorney General's Office, 445 Minnesota St., Ste 1800, St Paul, MN 55101, counsel for Respondents.

---

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

Petitioner Larry R. Propotnik started this case by filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 1, Pet.) The Court has issued a separate Order concerning the Petition that requires Petitioner to explain why his challenge to his conviction and sentence should not be dismissed as untimely. In this Report and Recommendation, prepared in accordance with 28 U.S.C. § 636 and Local Rule 72.1, this Court recommends that certain claims in the Petition concerning the conditions of

Petitioner's confinement be dismissed without prejudice because the Court lacks jurisdiction to hear those claims in a habeas corpus proceeding under § 2254. The remaining claims concerning the fact or duration of Petitioner's confinement should proceed in accordance with this Court's separate Order concerning the timeliness issue.

## BACKGROUND

As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, this Court has examined the Petition to determine whether it is plain that the petitioner is not entitled to relief in the district court. As noted above, that review has led this Court to require Petitioner, in a separate Order, to explain why his challenge to his conviction and sentence should not be summarily dismissed as untimely under 28 U.S.C. § 2244(d).[1] Review of the Petition reveals another fundamental problem, which is the subject of this Report and Recommendation.

In Ground Two of the Petition, Petitioner alleges that his constitutional rights have been violated by prison officials mistreating him while he has been in the custody of the Minnesota Department of Corrections at one or more of the Department's facilities. (*See* Pet. at 29, Ground Two; *id.* at 33-37, 48-54.) Petitioner asserts, *inter alia*, that prison officials and prison guards have taken his

---

[1]   Specifically, this Court has ordered Petitioner to file a response addressing the timeliness issue no later than November 3, 2014, providing a complete procedural history of the state-court proceedings that led to his incarceration and fully explaining any argument he intends to make that the statute of limitations be equitably tolled.

eyeglasses, subjected him to sleep deprivation, physically assaulted him, sprayed him with pepper spray, taken away or denied him necessary medication, destroyed his personal property, denied him mental health care, denied him dental care, stolen one or more copies of the Bible from him, stolen his legal papers, denied him access to the law library, and prevented him from filing "Kites" or grievance forms to complain about how he has been treated during his incarceration. (*Id.* at 33-37, 48-54.) Petitioner claims that this treatment amounts to cruel and unusual punishment in violation of his Eighth Amendment rights. (*Id.* at 44.)

For this alleged mistreatment, Petitioner seeks forms of relief that differ from the traditional relief obtainable in a federal habeas case. He seeks money damages to compensate him for pain and suffering. (Pet. at 57 (requesting a "monetary judgement [sic], highest amount for pain, torture, loss of property, freedom and denial of justice, that is allowed").) He also seeks injunctive relief, including "repair" of his teeth (*id.*), "restoration of [his] prescribed medications as they were prescribed on November 1, 2007, and to continued current meds" for certain medical conditions (*id.* at 55.)

In other words, although Petitioner alleges claims that his conviction and sentence were wrongfully obtained, a significant portion of the Petition challenges the *conditions* of Petitioner's confinement rather than the fact or duration of his confinement. Because district courts do not have jurisdiction over such conditions-of-confinement claims in a proceeding under 28 U.S.C. § 2254,

3

this Court recommends that Petitioner's Eighth Amendment claims in Ground Two of the Petition be dismissed without prejudice.

## DISCUSSION

The federal habeas corpus statute provides a remedy only for prisoners who are challenging the fact or duration of their confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Presier v. Rodriguez*, 411 U.S. 475, 488-90 (1973). As the Eighth Circuit Court of Appeals explained:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy . . . Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*).

Although some of Petitioner's claims in the Petition do challenge the validity of his conviction or sentence, the allegations discussed above involve only the conditions of his confinement. Because Petitioner's Eighth Amendment claims in Ground Two of the Petition have no bearing on the fact or duration of his confinement, a judgment in his favor would not affect the validity of his conviction or the length of his sentence, and as a result, those claims must be dismissed for lack of jurisdiction.[2] *See Perales v. United States*, Civil No. 14-

---

[2] This does not mean that there is no federal legal remedy of any kind for the Eighth Amendment claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he might be able to seek relief in a separate traditional civil action – i.e., a non-habeas action.

1722 (JNE/JJG), 2014 WL3384698, at *4 (D. Minn. July 10, 2014) (explaining that two of the grounds raise in the habeas petition asserting First, Second, and Eighth Amendment claims had to be dismissed for lack of jurisdiction because they related to the conditions of his confinement rather than the fact or duration of his confinement); *Ponikci v. Minnesota*, Civil No. 10-4527 (SRN/TNL), 2013 WL 2483068, at *3, *9-10 (D. Minn. June 10, 2013) (dismissing claims concerning conditions of confinement in a § 2254 proceeding for lack of subject matter jurisdiction).

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Eighth Amendment claims in Ground Two of the Petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: October 1, 2014

_s/ Jeffrey J. Keyes_____
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 15, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This

Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.