**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Larry R. Propotnik, | Civ. No. 14-3799 (PJS/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Minn. Dept. of Corrections; Tom Roy, Commissioner, MCF-RC; and Warden Steve Hammer; | |
| Respondents. | |

Larry R. Propotnik, 104328, MN Correctional Facility, MCF – RC 7600 525th Street, Rush City, MN 55069, Petitioner, *pro se*.

Matthew Frank, Esq., and James B. Early, Esq., Minnesota Attorney General's Office, 445 Minnesota St., Ste 1800, St Paul, MN 55101, counsel for Respondents.

JEFFREY J. KEYES, United States Magistrate Judge

## BACKGROUND

Petitioner Larry R. Propotnik seeks a writ of habeas corpus on grounds that his conviction for first-degree assault of a peace officer (and for other offenses) violates his federal constitutional rights. (*See* Doc. No. 1, Pet.) His state criminal case ended in March of 2006, and his direct appeal concluded in the summer of 2008. (*See* Doc. No. 14, Order at 2-3 (describing procedural history of Petitioner's state criminal case).) Because Petitioner's direct appeal concluded so many years ago, this Court issued an Order on October 1, 2014,

explaining that the Petition appeared to be time-barred.  This Court required Petitioner to file a written response showing the complete procedural history of his state criminal case and explaining why this action should not be summarily dismissed.  And based on information in the Petition, this Court instructed Petitioner to provide any argument he wished to make regarding equitable tolling of the statute of limitations.  (Doc. No. 14.)  On November 3, 2014, Petitioner filed his written response to this Court's October 1st Order.  (Doc. No. 17, Pet'r's Resp.)

Petitioner's response confirms that his direct appeal in the courts of the State of Minnesota came to an end on April 29, 2008, when the Minnesota Supreme Court denied his petitioner for discretionary review.  (Pet'r's Resp. 1-2.)  Petitioner presents no information, such as demonstrating that a properly filed petition for post-conviction relief was pending in state court, that would contradict this Court's prior conclusion that the statute of limitations began to run on or about July 29, 2008, when the time for seeking certiorari review in the United States Supreme Court passed.  (Doc. No. 14 at 3-4.)  Instead, Petitioner argues that the statute of limitations should be equitably tolled for a number of reasons.  He describes several events that occurred while he was confined in the Minnesota State Correctional Facility in St. Cloud, Minnesota ("MCF-SC"), and the Isanti County Jail during 2006 and 2007.  (Pet'r's Resp. 2-8.)  He also asserts that after he was transferred to a private prison called "CCA Appleton" in 2006 he

had difficulty using the law library and was mistreated by the correctional officers there.  (*Id.* at 8-10, 11-17.)

In 2007, while he was confined at the Minnesota Correctional Facility in Rush City, Minnesota ("MCF-RC"), Petitioner claims that his medications were taken from him.  (*Id.* at 17-18.)  Further, Petitioner says that in June 2009, while he was at MCF-RC, his legal papers "were taken an[d] dest[ro]yed" and that he was kept in segregation for 55 days.  (*Id.* at 18.)  According to Petitioner's response, he spent many more days in the Segregated Housing Unit ("SHU") while he was at MCF-RC during 2009 and 2010, and legal papers were taken from him on several occasions.  (*Id.* at 19-22.)  Petitioner says that he spent even more time in the SHU between 2010 and 2013 and he did not have access to his legal papers or law books.  (*Id.* at 25-26.)  Petitioner asserts that while he was "out on paper" in 2013 (apparently meaning he was out of prison on supervised release), authorities arrested him and used the fact that he tested positive for alcohol on a urinary analysis test as a pretext to get him sent back to prison.  (*Id.* at 27-28.)

Finally, Petitioner asserts that he would have filed his petition for habeas corpus relief sooner if he had known what avenues were available to further challenge his conviction.  (Pet'r's Resp. 29.)  He insists that his appointed public defenders told him that there was nothing outside of the direct appeals process that could be used to get his conviction overturned.  (*Id.* at 31.)  And he argues

that his lack of knowledge about the one-year limitations period for seeking a writ of habeas corpus should entitle him to equitable tolling.  (*Id.* at 32.)

As explained below, because this action was not filed within the one-year statute of limitations set forth 28 U.S.C. § 2244(d), and because Petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations, this case should be summarily dismissed as time barred.

## DISCUSSION

### I. The AEDPA Statute of Limitations and Equitable Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for state prisoners to file habeas corpus petitioner seeking federal court review of their convictions or sentences.  28 U.S.C. § 2244(d)(1).  As it applies in this case, this one-year period of limitation runs from "the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).  As noted in this Court's October 1, 2014 Order (Doc. No. 14 at 2-5), the time for Petitioner to seek federal court review of his conviction and sentence expired on or about July 29, 2009.  This was one year after the time expired for Petitioner to seek a petition for a writ of certiorari from the United States Supreme Court.  (*Id.* at 4.)  Petitioner did not file his Petition until September 2014, more than five years after the deadline for seeking federal habeas relief expired.  (*Id.*)  Thus, the Petition is time-barred, federal court review of Petitioner's claims is statutorily prohibited, and this case should be summarily

4

dismissed, unless the doctrine of "equitable tolling" could save this action from being time-barred. See *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) ("[T]he one-year AEDPA time limit . . . may be equitably tolled.")

The Eighth Circuit Court of Appeals has explained that equitable tolling provides an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). It is only available "when *extraordinary circumstances* beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Id.* "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be *guarded and infrequent*, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Much of Petitioner's argument in his response to this Court's October 1, 2014 Order relates to events that happened before his direct appeal ever concluded, such as the conditions of his confinement at CCA Appleton, in the Isanti County Jail, and at MCF-SC. These and other allegations in his response cannot constitute the kind of extraordinary circumstances that allow a petitioner to benefit from equitable tolling because they could not have prevented him from filing a federal habeas petition during the one-year period between June 29, 2008 (when his time for seeking certiorari review ended), and June 29, 2009, when the statute of limitations expired.

Nor do Petitioner's other allegations in his response entitle him to equitable tolling. Petitioner's assertion that he was given only limited access to the law libraries at various institutions following his conviction does not warrant equitably tolling the statute of limitations. *See Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (concluding that state's delay in providing notice of finality conviction combined with limited access to law library did not create extraordinary circumstances justifying equitable tolling of the AEDPA statute of limitations). Although inmates have a right of access to the courts, and prisons can provide that through means of making a law library available to the prisoner, *see Bear v. Kautzy*, 305 F.3d 802, 806 (8th Cir. 2002), an inmate must show that shortcomings in prison resources hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Petitioner has made no such showing here. For example, he has not alleged that the prison law libraries where he has been confined had no reference materials containing the AEDPA statute of limitations.

Petitioner also claims that his legal papers and "law books" were taken from him by prison officials. However, Petitioner has not specified that his legal papers were intentionally taken to prevent him from gaining access to the courts, which legal papers were allegedly taken, or whether he needed those legal materials to be able to file his application for habeas relief. *See Tamayo v. United States*, Nos. 05-Civ.-9001 (SAS), 99-CR-1113 (SAS), 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008) (rejecting inmate's untimely application for post-

conviction relief under 28 U.S.C. § 2255 and concluding that alleged confiscation of legal papers did not warrant equitable tolling where inmate failed to specify which legal papers were stolen and whether he needed those papers to file the motion for post-conviction relief); *Crow v. Swanson*, No. 11-cv-858 (PJS/FLN), 2011 WL 5919640, at *2 n.2 (D. Minn. Nov. 28, 2011) (explaining that equitable tolling was not appropriate where legal papers are lost by authorities).

      Petitioner cannot benefit from the doctrine of equitable tolling based on his unsupported claim that his public defenders told him that direct appeal was the only means available for overturning his conviction. Serious attorney misconduct can constitute extraordinary circumstances, but only in cases where the attorneys involved have behaved egregiously. Petitioner's allegations regarding his appointed counsel do not come close to the situations where equitable tolling has been applied in the Eighth Circuit. *See United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (finding serious attorney misconduct warranting equitable tolling where the prisoner's post-conviction counsel repeatedly lied to him and his wife about the filing deadline and the status of his case, refused to communicate with the prisoner or his family, failed to file any documents on the prisoner's behalf, and failed to return the prisoner's file to him when requested); *see also Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (rejecting equitable tolling argument based on alleged attorney misconduct where prisoner's post-conviction counsel said she would file a motion under 28 U.S.C. § 2255 but missed the deadline after failing to return the prisoner's phone calls).

Petitioner does not allege that his state-appointed counsel had been engaged to pursue post-conviction relief on his behalf.  He does not explain how their statements prevented him from filing any petition for federal post-conviction relief on his own.  These are not extraordinary circumstances justifying invocation of equitable tolling.

Petitioner points to his confinement in a segregated housing unit during periods of his incarceration, but detention in the SHU is not sufficient to warrant equitable tolling.  *Muhammad*, 735 F.3d at 815.

Finally, Petitioner's claim that he was unaware of the AEDPA's one-year limitations period also fails to support equitable tolling.  *Baker*, 321 F.3d at 772 (explaining that prisoners pursuing habeas claims are not exempt from the principle that everyone is presumed to know the law, including the habeas statute of limitations); *Preston v. State of Iowa*, No. 99-3261, 221 F.3d 1343, 2000 WL 995013, at *1 (8th Cir. 2000) (noting that an unrepresented prisoner alleging lack of legal knowledge or legal resources is not entitled to equitable tolling).

For all these reasons, this Court concludes that this action is time-barred and should be summarily dismissed.

## II.     Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants federal appellate review.  Thus, this Court also recommends that Petitioner should not be granted a COA in this matter.

## RECOMMENDATION

Based on the above, and on all the files and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be summarily **DISMISSED WITH PREJUDICE**; and

2. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: November 6, 2014

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 20, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.