UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY R. PROPOTNIK,   Case No. 14-CV-3799 (PJS/JJK)

    Petitioner,

v.   ORDER

MINN. DEPT. OF CORRECTIONS; TOM
ROY, Commissioner, MCF-RC;
WARDEN STEVE HAMMER,

    Respondents.

    Larry R. Propotnik, pro se.

    Matthew Frank and James B. Early, MINNESOTA ATTORNEY GENERAL'S OFFICE; and Timothy Charles Nelson, ISANTI COUNTY ATTORNEY'S OFFICE, for respondents.

    Petitioner Larry Propotnik was convicted by a state-court jury of three counts of first-degree assault against a peace officer and one count of carrying a handgun without a permit.  *State v. Propotnik*, No. A06-1944, 2008 WL 434580, at *1 (Minn. Ct. App. Feb. 19, 2008); ECF No. 1 at 1.[1]  In February 2008, the Minnesota Court of Appeals affirmed his convictions, and the Minnesota Supreme Court denied discretionary review in April 2008.  The time for Propotnik to ask the United States Supreme Court to review his conviction expired in July 2008.  Over *six years* later, Propotnik brought this habeas action under 28 U.S.C. § 2254.

---

[1] The Court cites to the ECF page numbers in the top right corner of the page.

This matter is before the Court on Propotnik's objection to the November 6, 2014 Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes. Judge Keyes recommends dismissing this action with prejudice as time-barred under 28 U.S.C. § 2244(d). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Propotnik's objection and adopts the R&R.

Propotnik's convictions stem from a confrontation between law-enforcement officers and Propotnik, who was in his truck at the time. *Propotnik*, 2008 WL 434580, at *1-2. During the incident, Propotnik made a quick movement with his hand toward the center of the truck. *Id.* at *1. A loaded handgun was later found in that area of the truck. *Id.* at *2. As noted, Propotnik was convicted of assault and carrying a handgun without a permit.

In his objection, Propotnik argues that he is actually innocent and is therefore entitled to pursue otherwise-untimely habeas relief. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (actual innocence, if proved, may permit a petitioner to pursue an otherwise time-barred habeas petition). This exception, however, applies only in "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (alteration in original).

Propotnik cites no such new evidence. For the most part, he simply claims that trial witnesses lied. He also claims that there is a witness who would have testified that Propotnik's dog was on the floor of the truck (rather than on the passenger seat), which Propotnik apparently believes would prove that he was reaching for his dog rather than for a gun. Obviously, though, the location of the dog is irrelevant to whether Propotnik possessed a handgun. Nor does the dog's location establish Propotnik's intent in reaching toward the center of the truck. Moreover, the "new" evidence that Propotnik wishes to present appears merely cumulative, as Propotnik states that a prosecution witness provided similar testimony about the dog's location. ECF No. 20 at 2. There is virtually no chance that additional evidence about the dog's location would have changed the outcome of the trial. Propotnik is not entitled to the actual-innocence exception to § 2244(d).

Propotnik also argues that he is entitled to equitable tolling of the limitations period. A litigant seeking equitable tolling bears the burden of establishing that (1) he has been diligent in pursuing his rights and (2) some extraordinary circumstance—external to the litigant and not attributable to his actions—prevented him from timely filing. *Johnson v. Hobbs*, 678 F.3d 607, 610-11 (8th Cir. 2012).

Propotnik faults the R&R for failing to address his claim that mistreatment by prison officials prevented him from timely filing. As Judge Keyes explained, however,

much of the alleged mistreatment occurred either before the limitations period began or after it expired.[2] Setting that aside, it is noteworthy that despite the mistreatment that Propotnik alleges, he was able to take an active part in litigating his direct appeal, raising "more than a dozen issues in his pro se supplementary brief." *Propotnik*, 2008 WL 434580, at *4. Propotnik therefore cannot meet his burden to show that the alleged mistreatment prevented him from filing a timely § 2254 petition.

Propotnik also alleges that prison staff at MCF-SC prohibited prisoners from working on anything other than their direct appeals. ECF No. 20 at 3-4; ECF No. 17 at 7-8. But Propotnik transferred out of MCF-SC while his direct appeal was still pending. ECF No. 17 at 1-2, 7-9.[3] Obviously, then, the staff at MCF-SC could not have prevented him from pursuing federal habeas relief.

Even if Propotnik could show that prison conditions prevented him from filing a timely § 2254 petition, he cannot show that he has been diligent in pursuing his rights. Propotnik was out of prison on some form of supervised release for seven months in 2013, and he purportedly learned about the existence of federal habeas corpus for the

---

[2]The Court notes that the June 2008 through June 2009 limitations period described on page 5 of the R&R appears to be a typographical error. Elsewhere, the R&R correctly states that the time for Propotnik to seek certiorari review in the United States Supreme Court expired on July 29, 2008, R&R at 2, which means that the limitations period ran from July 2008 through July 2009.

[3]It is unclear whether Propotnik was transferred out of MCF-SC in August 2006 or August 2007. *Compare* ECF No. 17 at 2, *with id.* at 8. Either way, Propotnik does not claim that he was in MCF-SC during the limitations period.

first time during that period.  ECF No. 17 at 32; ECF No. 20 at 4.  Nevertheless, Propotnik did not file a § 2254 petition until over a year *after* he was taken back into custody in August 2013.  Because Propotnik did not diligently pursue his rights, he is not entitled to equitable tolling.  *See Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (petitioner failed to act diligently where, despite having eight months to file a timely petition after receiving belated notice that his conviction was affirmed, he failed to take action).

With respect to the remainder of Propotnik's objection, the Court agrees with Judge Keyes's analysis.  Accordingly, the Court overrules Propotnik's objection and dismisses his § 2254 petition.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 20] and ADOPTS the November 6, 2014 R&R [Docket No. 19].  IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2254 petition is DISMISSED WITH PREJUDICE as time-barred.

2. Petitioner's application to proceed without prepaying fees or costs [ECF No. 2] is DENIED.

3. Petitioner's objections to the appearance by attorneys from the Isanti County Attorney's Office [ECF Nos. 7, 8] are DENIED AS MOOT.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 26, 2015            s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge