UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LARRY R. PROPOTNIK, | Case No. 14-CV-3799 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER |
| MINN. DEPT. OF CORRECTIONS; TOM ROY, Commissioner, MCF-RC; WARDEN STEVE HAMMER, | |
| Respondents. | |

---

Larry R. Propotnik, pro se.

Matthew Frank and James B. Early, MINNESOTA ATTORNEY GENERAL'S OFFICE; and Timothy Charles Nelson, ISANTI COUNTY ATTORNEY'S OFFICE, for respondents.

The Court recently dismissed petitioner Larry Propotnik's 28 U.S.C. § 2254 habeas petition as time-barred. ECF No. 22. This matter is before the Court on Propotnik's motion for reconsideration and an evidentiary hearing, which the Court construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b). So construed, the motion is denied.

There is no dispute that Propotnik filed his § 2254 petition long after the one-year statute of limitations had expired. See 28 U.S.C. § 2244(d)(1). The Court rejected Propotnik's arguments in favor of equitably tolling the limitations period, finding that (1) the mistreatment by prison officials that allegedly prevented Propotnik from filing a

§ 2254 occurred mainly before the limitations period began or after it had expired; (2) despite the alleged mistreatment, Propotnik was able to take an active part in litigating his direct appeal; and (3) Propotnik had not been diligent in pursuing his rights. *See Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (for equitable tolling to apply, petitioner must show that he has diligently pursued his rights and some extraordinary circumstance stood in his way).

In his latest motion, Propotnik contends that the Court erred in finding that the mistreatment occurred outside of the limitations period and contends that he was mistreated throughout his time in prison. The fact remains, however, that Propotnik did not diligently pursue his rights. Even if the alleged mistreatment prevented him from filing while he was in prison, he could have sought habeas relief while he was on supervised release for nearly eight months in 2013. ECF No. 24 at 7 (Propotnik was on "intensive supervised release" from January 7, 2013, through August 29, 2013); *cf. Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994) (a parolee is still "in custody" within the meaning of § 2254 and can seek habeas relief under that provision).

Propotnik contends that he was not allowed to file writs while on supervised release, but he also admits that he was permitted to leave the facility in which he was housed for four hours each weekday. Propotnik's complaint that the lack of readily available transportation made it difficult for him to get to a law library is not the sort of

extraordinary circumstance that warrants equitable tolling.  *Cf. Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Propotnik's failure to seek habeas relief during his eight months of supervised release establishes that he did not diligently pursue his rights.  *See Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (petitioner failed to act diligently where, despite having eight months to file a timely petition after receiving belated notice that his conviction was affirmed, he failed to take action).  Propotnik's motion for reconsideration is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for reconsideration and evidentiary hearing [ECF No. 24] is DENIED.

2. No certificate of appealability will issue.

Dated:  March 20, 2015       s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge